IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| WALTER VERNON PORTER, JR. | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 4:15CV00420-SWW-JJV |
| Commissioner, Social Security | * | |
| Administration | * | |
| | * | |
| Defendant. | * | |

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was

1

not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

The Commissioner seeks dismissal of this case claiming Plaintiff's Complaint is untimely. (Doc. No. 7.) Plaintiff has not responded.

Title 42 U.S.C. § 405(g) requires the commencement of a civil action to be within sixty (60) days after the date the Notice of Final Decision is mailed to the Plaintiff, or within any time as extended by the Appeals Council of the Social Security Administration. Section 405(g) says:

> Any individual, after a final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g). Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). The Supreme Court has specifically held that § 405(h) prevents review of the Commissioner's decisions except as provided in § 405(g) of the Act. *Sheehan v. Secretary of Health, Ed. & Welfare*, 593 F.2d 323, 325 (8th Cir.1979) (citing *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)). So the final decision of the Commissioner is binding unless

the claimant files his federal civil action within sixty (60) days after receipt of the notice of the Appeals Council's decision. *See also* 20 C.F.R. §§ 404.981, 422.210. The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council. 20 C.F.R. §§ 404.901, 422.210(c). Although the Supreme Court has held that the sixty (60) days is a period of limitation and in a rare case may be tolled, *Bowen v. City of New York*, 476 U.S. 467, 481 (1986), the Eighth Circuit has upheld the 60 days time limitation. *Hammonds v. Bowen*, 870 F.2d 446, 448 (8th Cir.1989) and *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir.1988) (per curiam).

Here, the Appeals Council's final decision is dated March 11, 2015. (Doc. No. 8 at 45.) Under the regulations, receipt of the notice would be presumed five days thereafter, on March 16, 2015. On March 26, 2015, Plaintiff requested to keep the record open an another thirty (30) days so additional evidence could be submitted. (*Id.* at 54.) On April 8, 2015, he submitted the additional information (*Id.* at 55) and on May 8, 2015, the Appeals Council sent a letter denying any further review (*Id.* at 56). This civil action was filed on July 9, 2015.

It seems Plaintiff believed the sixty days started to run from the date of the last correspondence on May 8, 2015. If that were correct, Plaintiff's Complaint would be timely, given the presumed five-day "mailbox rule." However, a careful reading of the May 8, 2015, letter indicates the final decision of the Commissioner was March 11, 2015. Thus, to be considered timely, Plaintiff must have commenced his civil action on or before May 15, 2015.

Plaintiff's July 9, 2015, Complaint was filed fifty-five (55) days late. He has provided no reasonable justification for this delay. Even if Plaintiff thought time was tolling while he was engaged in additional interaction with the Appeals Council, he has not stated so in a response to the Motion to Dismiss. As such, there are no extraordinary circumstances present in this case to justify

3

extending the sixty-day period. Therefore, I find Plaintiff's Complaint fails to state a claim upon which relief can be granted. I recommend the Commissioner's decision be affirmed and this action be dismissed with prejudice.

    IT IS SO RECOMMENDED this 14th day of October, 2015.

                                                  JOE J. VOLPE  
                                                  UNITED STATES MAGISTRATE JUDGE